IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROMAN JRUNIC                                                              PLAINTIFF

v.                              Civil No. 4:18-cv-04065

SHERIFF JACKIE RUNION;
WARDEN JEFFIE WALKER;
CAPTAIN GOLDEN ADAMS;
SERGEANT ALLEN GRIFFEN;
LIEUTENANT MILLER                                                       DEFENDANTS

## ORDER

On April 24, 2018, Clifton Solomon filed a civil rights case pursuant to 42 U.S.C. §1983 on his own behalf and on behalf of a number of other inmates of the Miller County Detention Center, including Roman Jrunic. ECF No. 1. As Clifton Solomon could not represent other inmates, the claims were severed and this case was opened on behalf of Plaintiff Roman Jrunic.

On April 25, 2018, the Court entered an order directing Plaintiff to file an amended complaint asserting only his claims, as well as an *in forma pauperis* application, by May 15, 2018. ECF No. 2. On May 21, 2018, all mail sent to Plaintiff was returned as undeliverable with a notation return to sender. ECF No. 4. To date, Plaintiff has failed to file an amended complaint or submit an *in forma pauperis* application.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state, in pertinent part, as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to

within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

In addition, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that district courts possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with the Court's order and failed to prosecute this matter. Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge